FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 2004 JAN -5 A 11: 59

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 03-40024-NMG |
| ) | |
| FABIAN CALVILLO-SANCHEZ, ) | |
| Defendant ) | |

## JOINT INITIAL STATUS CONFERENCE MEMORANDUM

The United States of America and the Defendant, by his counsel, Daniel J. Bennett, jointly submit this memorandum pursuant to the Notice of Initial Status Conference of this Court dated November 24, 2003. In so doing, the parties advise the Court that there is no need for an initial status conference, as currently scheduled for January 5, 2004. The parties address herein the issues delineated in L.R. 116.5(A)(1)-(A)(7).

**Local Rule 116.5(A)(1)**

There is no need for relief from the otherwise applicable timing requirements imposed by L.R. 116.3.

**Local Rule 116.5(A)(2)**

The government provides notice of its intention to offer expert testimony during its case-in-chief and will provide the defendant with reports regarding relevant fingerprint examinations. The government proposes that the government respond to any defendant request for expert discovery not less

than thirty days before trial and that the defendant provide reciprocal expert discovery not less than fifteen days before trial.

**Local Rule 116.5(A)(3)**

The government is providing discovery in accordance with Fed. R. Crim. P. 16 and Local Rule 116.1 and the court's order dated November 24, 2003. The government anticipates providing additional discovery, including Jencks Act material, expert discovery and, exculpatory evidence, should the government learn of any such evidence. The defendant anticipates providing reciprocal discovery.

**Local Rule 116.5(A)(4)**

The parties agree that it is too early to determine whether pretrial motions will be filed in this case. The government is providing the defendant with discovery and the defendant needs time to review the discovery. The parties respectfully request a 45 day continuance to review the discovery and determine whether any pretrial motions will be filed.

**Local Rule 116.5(A)(5)**

The parties agree that the period from arraignment on the indictment through the date that the Court sets for interim status conference, should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(F).

The parties also agree that the period from arraignment on the indictment through the date of the interim status conference

is excludable pursuant to 18 U.S.C. § 3161(h)(8)(A) because the parties are using the period of time to exchange discovery and to determine whether pretrial motions will be filed. As such, the parties believe that a continuance for this purpose serves the ends of justice and outweigh the best interests of the public and the defendant in a speedy trial, and ask the Court to so find.

**Local Rule 116.5(A)(6)**

The parties believe that it is too early to determine whether a trial is anticipated. If the case is tried, the parties expect the trial to require four days.

**Local Rule 116.5(A)(7)**

The parties respectfully request that an interim status conference be set on or after February 19, 2004.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Paul G. Casey
Paul G. Casey
Assistant U.S. Attorney

FABIAN CALVILLO-SANCHEZ
Defendant

By: /s/ Daniel J. Bennett, by P.G.C.
Daniel J. Bennett, Esq.

DATE: January 5, 2004

SS., WORCESTER

## CERTIFICATE OF SERVICE

    I, Paul G. Casey, Assistant U.S. Attorney, hereby certify that a copy of the foregoing was served by facsimile on counsel of record on this, the 5th day of January, 2004.

                                                   PAUL G. CASEY
                                                   Assistant U.S. Attorney