UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                       )<br>)<br>FABIAN CALVILLO-SANCHEZ, )<br>Defendant                     )<br>) | NO. 03-40037-FDS |

## DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Fabian Calvillo-Sanchez through his attorney submits this sentencing memorandum. The Defendant is scheduled to be sentenced on January 25, 2005. For the reasons provided below the Defendant's recommendation is 12 to 15 months.

I. BACKGROUND

On September 17, 2004 the Defendant plead guilty one count indictment charging the defendant with unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326(a). The Defendant admitted that he is a citizen of Mexico, born in Villa Victoria, Mexico on August 25, 1978. On July 12, 1999 Calvillo-Sanchez was ordered deported from the United States. On August 24, 1999 he was deported at El Paso, Texas.

On October 30, 2003 he was arrested by the Fitchburg Police. He admitted to reentering the United States. The Defendant reentered without having express consent to apply for readmission to the United States from either the U.S. Attorney General prior to March 1, 2003 or the consent of the Secretary of the Department of Homeland Security since March 1, 2003.

The Defendant and Teresa de Jesus were married in 2000 in Mexico. Two children,

Candy Marilyn Calvillo-Zamora, age 3, and Wendy Darlene Calvillo-Zamora, age 2, were born to this union. The spouse, age 23, lives in Sacramento, California, with the children and holds employment as an office cleaner. The Defendant reported a harmonious relationship with his spouse, and he noted that she has remained understanding of his legal situation.

His brother, Jose Maria Calvillo-Sanchez, age 42, lives with his spouse and their two children in Roseville, California. He is employed as a landscaper.

His sister, Guadalupe Calvillo-Sanchez, age 40, is married, has four children, lives in Los Angeles, California, and does not hold employment outside the home.

His sister Maria Eugenia Calvillo-Sanchez, age 37, lives wither spouse and their four children in Van Nuys, California. This sibling does not hold employment outside the home.

His sister Elvira Calvillo-Sanchez, age 35, is employed as a cashier. She lives in Van Nuys, California, is married and has two children.

His brother Francisco Calvillo-Sanchez, age 32, lives in Mexico with his girlfriend and their two children. He holds employment as a construction worker.

His sister Antonia Calvillo-Sanchez, age 30, lives with her husband and their three children in Los Angeles, California. She is employed as a factory worker.

II.  SENTENCING CALCULATION

The Court in *United States v. Booker*, 205 WL 50108, W.p. 9 found that the United Sentencing Guidelines were unconstitutional as currently applied. The Court wrote in excising portions of the United States Sentencing Guidelines that, "The availability of a departure in specified circumstances does not avoid the constitutional issue, just as it did not in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) itself. The Guidelines permit departures from the prescribed

2

sentencing range in cases in which the judge 'finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' 18 U.S.C.A. § 3553(b)(1) (Supp.2004). At first glance, one might believe that the ability of a district judge to depart from the Guidelines means that she is bound only by the statutory maximum. Were this the case, there would be no *Apprendi* problem. Importantly, however, departures are not available in every case, and in fact are unavailable in most. In most cases, as a matter of law, the Commission will have adequately taken all relevant factors into account, and no departure will be legally permissible. In those instances, the judge is bound to impose a sentence with the Guidelines range." *Booker* at W.p. 11.

The Court wrote that, "Without the "mandatory" provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals. See 18 U.S.CA. § 3553(a) (Supp.2004)." *Booker* at W.p. 22.

18 U.S.C. §3553 THE COURT SHALL IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN PARAGRAPH (2) OF THIS SUBSECTION. THE COURT, IN DETERMINING THE PARTICULAR SENTENCE TO BE IMPOSED, SHALL CONSIDER:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

The Defendant was present in the United States where he came to do manual labor to support his family. While in the United States other than the reentry which he has plead guilty to, he did not involve himself in any other criminal activity. His history is of a family man who was attempting to support his family by seeking the economic benefits present in the United States.

3

2. **The Need for the Sentence Imposed.**
   (A) <u>To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense</u>.

The Defendant has been held for over fourteen months for his illegal entry into the country and is seeking to return to his home country of Mexico. His incarceration is in a prison awaiting sentencing and this has been a sufficient punishment with the regards to the crime of reentry. If not for the allegations of his criminal history the guidelines would have dictated a sentence in the 0-6 months range.

   (B) <u>To Afford Adequate Deterrence to Criminal Conduct</u>.

The Defendant will be deported from the United States when his sentence is complete and the incarceration which he has already undergone will deter any return.

   (C) <u>To Protect the Public From Further Crimes of the Defendant</u>.

The Defendant will not be in the United States therefore his continued incarceration will not be necessary to protect the public from the Defendant.
   (D) <u>To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.</u>

The Defendant will not be in the United States to utilize any training and would be better served to return to Mexico to provide for his family.

3. **The Kinds of Sentences Available**

The Court can impose any sentence from 0-2 years.

4. **The Kinds of Sentence and the Sentencing Range Established**
   (A) <u>The Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines.</u>

The Guideline calculation that was done as part of the presentence report with inclusion

4

of acceptance of responsibility and placing the defendant in Criminal History Category II results in a sentence of 41-51 months. The Court wrote in *Koon v. United States*, 518 U.S. 81, 94, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), "When a court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the court may consider whether a departure is warranted." *Id.* The district court is not left adrift, however, in determining which cases fall within and which cases fall outside of the heartland." The current advisory nature of the guidelines allows the sentencing judge to take into account factors which would not be available formerly as departures.

The court in *United States v. Rodriguez-Montelongo*, 263 F.3d 429 (5th Cir. 2001) found that cultural assimilation was a permissible basis for a downward departure. In light of the *Booker* case, W.p.9, the Court no longer needs to find that the defendant's circumstances are atypical or extraordinary. The defendant came to the United States to support his family which includes a wife and two daughters living in the United States. He has significant ties to other family members living in the United States. The Guidelines no longer prevent the Court from reducing the defendant's sentence. It would be recognition that the defendant came to the United States for the legitimate purpose to help support his family which lives in the United States to reduce his sentence from that advised by the guidelines. The Defendant may not qualify as atypical or extraordinary for cultural assimilation but the non-mandatory nature of the Guidelines is meant to allow for just such an exception which was not formerly available in the Mandatory Guidelines. *Booker*, W.p. 11.

The Defendant should receive a four to five month reduction because as an illegal alien, he is not eligible for the benefits of 18 U.S.C. §3624(c) which mandates that prisoners are

5

eligible to serve 10 percent of their sentence in community confinement centers. This reduction was rejected in *United States v. Vasquez*, 279 F.3d 77 (1st Cir. 2002) but that was before the Guidelines became advisory and a sentencing judge could view the applicability of 18 U.S.C. 3553 to this particular defendant.

In the current case the presentence report indicates that the defendant's role in the prior offense was limited to unloading Marijuana in New York.

In *United States v. Dych* 334 F.3d 736 (8th Cir. 2003), the Court wrote that a defendants minor role in the prior offense might be relevant in determining whether their Criminal History category was overstated. The placing of the defendant in a Level I Criminal History category would reduce his sentence under the guidelines by 4 to 5 months.

    (B)    <u>In the Case of a Violation of Probation or Supervised Release.</u>

The Defendant was not on supervised release or probation.

5. **Policy Statement**

    Not Applicable.

6. **The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who have been Found Guilty of Similar Conduct**

    The presentence report lists the Defendant's involvement of that as a minor participant. A defendant with a minor criminal involvement would be treated similarly to a sentence of 12-15 months.

7. **The Need to Provide Restitution to Any Victims of the Offense**

    There are no victims so that restitution is not necessary.

III.    <u>DEFENDANT'S RECOMMENDATION</u>

6

The Court is charged with designating a sentence which is not greater than is necessary to fulfill the aims of 18 U.S.C. 1335. A sentence of 12-15 months is consistent with justice in this case. The Defendant will no longer be in the United States. A sentence of 12 –15 months will serve as a deterrent to any future reentry. The defendant admitted to charge which carries a two year maximum.

The allegations are that the defendant entered the country with minor involvement in a serious crime. He did not come back to participate in criminal activity but to provide for his family that was living in the United States. The portions of the Guidelines that were struck down in *Booker* allow the Court to look at a full picture of a Defendant and not to be confined to a strict application of mathematical formulas. Fabian Calvillo-Sanchez made a mistake in returning to the United States but the country will be no safer by his continued incarceration.

The Defendant's continued incarceration just serves as a greater burden for the tax payer to support a defendant who wants to return to Mexico and never come back. He returned for a legitimate purpose, unfortunately illegally. The aims of 18 U.S.C. 3553 will be best satisfied with a 12 – 15 month sentence.

        Respectfully Submitted,
        Fabian Calvillo-Sanchez
        By his Attorney,

Dated: January 24, 2005

        /S/ Daniel J. Bennett
        Daniel J. Bennett
        Torney, Mahoney, Diamond & Bennett
        15 Foster Street
        Quincy, MA  02169
        (617) 770-0000
        B.B.O. 564059