**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 05-1192

UNITED STATES,

Appellee,

v.

FABIAN CALVILLO-SANCHEZ,

Defendant, Appellant.

Before

Boudin, *Chief Judge*,
Stahl, *Senior Circuit Judge*,
and Lynch, *Circuit Judge*.

JUDGMENT

Entered: September 16, 2005

Appellant, Fabian Calvillo-Sanchez, appeals his sentence on the ground that the district court wrongly increased it pursuant to 8 U.S.C. § 1326(b)(2) (allowing sentence to exceed two years in case of alien whose removal was subsequent to conviction for commission of an aggravated felony) because he neither admitted the fact of a prior aggravated felony conviction, nor was that fact proved to a jury beyond a reasonable doubt.

Appellant primarily argues that recent Supreme Court decisions have changed the holding in United States v. Almendarez-Torres, 523 U.S. 224, 226-27 (1998) that a sentencing court may increase a defendant's sentence based on a prior conviction even if the fact of that prior conviction has not been proven to a jury beyond a reasonable doubt. In particular, he claims that cases such as Shepard v. United States, 125 S. Ct. 2560 (2005), United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 124 S. Ct. 2531, 2536-37 (2004) have rendered this Almendarez-Torres

exception inapplicable to cases in which the defendant has not admitted the fact of a prior conviction. He further suggests that the Almendarez-Torres exception has been completely eroded by those cases. He is wrong on both counts.

We rejected the claim that the Almendarez-Torres exception is no longer good law in United States v. Work, 409 F.3d 484 (1st Cir. 2005) ("In the roiled wake of Booker, it remains the law that previous criminal convictions are not 'facts' that must be found by a jury and proved beyond a reasonable doubt.")(citations omitted). Moreover, in United States v. Gomez-Estrada, we held that Almendarez-Torres' rule is not limited to cases in which the defendant admits a prior aggravated felony conviction on the record. 273 F.3d 400, 402 (1st Cir. 2001). Though Gomez-Estrada predates the recent Supreme Court authority appellant cites, there is no indication in those recent cases or in Work that the Almendarez-Torres exception now applies only to cases in which the defendant admitted a prior conviction.

Accordingly, we grant the government's motion for summary disposition. See 1st Cir. R. 27(c). We therefore affirm the sentence.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*

Deputy Clerk

Date: OCT 07 2005

By: **MARGARET CARTER**
Chief Deputy Clerk.

[cc: Messrs: Bennett, Casey and Ms. Chaitowitz]